UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL HOLLADAY,

    Plaintiff,

v.                                             Case No. 2:19-cv-3410
                                               Judge Sarah D. Morrison
                                               Magistrate Judge Chelsey M. Vascura

AKMALKUJA AKRAMKHODJAEV, *et al.*,

    Defendants.

### REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation on the Court's own Order (ECF No. 44). On January 12, 2022, Defendants filed a Suggestion of Death notifying the Court and all parties of the death of the Plaintiff, Carol Holladay. (ECF No. 43.) The Court then ordered Plaintiff to file a motion for substitution of party within 90 days of the filing of the Suggestion of Death under Federal Rule of Civil Procedure 25. (ECF No. 44.) The 90-day deadline passed on April 12, 2022, and no motion for substitution of party was filed.

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Under Rule 25(a)(1), "a court is required to dismiss an action by a decedent if a motion for substitution is not made within 90 days after service of a statement noting the death." *Santa-Perez v. CNBC Universal Media, LLC,* No. 1:18-CV-428, 2019 WL 1434085, at *2, n.2 (S.D. Ohio Mar. 31, 2019) (quoting Fed. R. Civ. P. 25); *see also Boyd v. Smith,* No. 2:12-CV-814,

2014 WL 1050080, at *2 (S.D. Ohio Mar. 14, 2014) (dismissing claims against deceased defendant where no motion for substitution was filed almost six months after suggestion of death.)

Here, Defendants gave notice of Plaintiff's death on January 12, 2022.  (ECF No. 43.)  Thus, as the Court instructed in its January 13, 2022 Order, Plaintiff had 90 days from January 12, 2022, to move for substitution.  (ECF No. 44.)  The 90-day period expired on April 12, 2022, and Plaintiff has not filed the requisite motion.  Accordingly, the Court must dismiss this case.

For the reasons stated above, the undersigned **RECOMMENDS** that the Court **DISMISS** this case pursuant to Federal Rule of Civil Procedure 25(a)(1).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

3